

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CHRISTINE FERRELL, as Parent and Legal Guardian of
BILLIE ORTIZ
        Plaintiff

vs.

SCHOOL DISTRICT OF PHILADELPHIA, PAUL
VALLAS, EXECUTIVE DIRECTOR; HAMILTON
DISSTON SCHOOL; HAMILTON DISSTON
VICE PRINCIPAL WILSON; HAMILTON
DISSTON DISCIPLINARIAN PRENDERGAST;
HAMILTON DISSTON NURSE GREENLEE;
HAMILTON DISSTON SECURITY GUARD FRED,
individually and as employees for the School District
Of Philadelphia and/or Hamilton Disston School
        Defendants

JURY TRIAL
DEMAND

07 1017

C.A. No. 07-



### COMPLAINT

### I. JURISDICTION

1. This action is brought pursuant to 42 U.S.C. §§ 1331 and 1343(1),(3),(4) and the aforementioned statutory provision.

### II. PARTIES

2. Plaintiff, Billie Ortiz is a minor female who was at all times relevant to this Complaint, a resident of Philadelphia, Pennsylvania. Her mother, Christine Ferrell is her natural parent and legal guardian.

3. Defendant School District of Philadelphia is a local agency in the Commonwealth of Pennsylvania and at all times relevant hereto operated under the color of state law in creating and maintaining the educational standards for children attending public schools in Philadelphia, was the employer of all Defendants and had



the responsibility of adopting policies, implementing procedures and practices to educate the children of Philadelphia.

4. Defendant Hamilton Disston School is an agency in the Commonwealth of Pennsylvania and at all times relevant hereto operated under the color of state law in creating and maintaining the educational standards for children attending public schools in Philadelphia, was the employer of all Defendants and had the responsibility of adopting policies, implementing procedures and practices to educate the children of Philadelphia.

5. Defendant Vallas, is and was at all times relevant to this Complaint, the Executive Director for the School District of Philadelphia and acting under the color of state law. He is being sued in both his individual and official capacities.

6. Defendant Wilson, is and was at all times relevant to this Complaint, a vice principal for the Hamilton Disston School and acting under the color of state law. He is being sued in both his individual and official capacities.

7. Defendant Prendergast, is and was at all times relevant to this Complaint, a disciplinarian for the Hamilton Disston School and acting under the color of state law. She is being sued in both her individual and official capacities.

8. Defendant Fred, is and was at all times relevant to this Complaint, a security guard for the Hamilton Disston School and acting under the color of state law. He is being sued in both his individual and official capacities.

9. Defendant Greenlee, is and was at all times relevant to this Complaint, a nurse for the Hamilton Disston School and acting under the color of state law. She is being sued in both her individual and official capacities.

## III. FACTS

10. In and around January, 2007, Plaintiff Billie Ortiz, a 14 year old female was enrolled in the Hamilton Disston School as a student.

11. While in mathematics class on that date, she was ordered to proceed outside in the hallway, where she was met by Defendant Wilson, Defendant Prendergast and Defendant Fred.

12. While in the hallway she was informed by Defendants that they believed she possessed drugs and the Defendants searched her book bag for narcotics without Plaintiff's permission. After finding no narcotics, Plaintiff was ordered to return back to her classroom.

13. Shortly after returning back to her classroom, the Defendants again came to Plaintiff's classroom and ordered her to proceed to the Disciplinarian's Office where a further search was conducted. The Defendants searched Plaintiff's pockets and she was ordered to remove her shoes and socks. The Defendants searched her shoes and socks, finding no contraband.

14. Plaintiff was then escorted to the Nurse's Office.

15. At the Nurse's Office, Defendant Prendergast and Defendant Greenlee then ordered Plaintiff to remove her clothes.

16. Plaintiff was ordered to remove her pants and pull her shirt up to her neck exposing her brassier and underwear. Defendant Prendergast then conducted a strip search by physically placing her hands inside Plaintiff's underwear and feeling around and her brassier touching her breast while searching for drugs.

17. No contraband was found.

18. Plaintiff's mother, Christina Ferrell was never contacted by Defendants during the strip search.

19. The foregoing conduct of the Defendants, acting under the color of state law, was undertaken in concert and conspiracy and as part of an effort to unlawfully strip search Plaintiff and otherwise deprive Plaintiff of her civil and constitutional rights including Plaintiff's rights, privileges and immunities under the Fourth and Fourteenth Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania.

20. At no time did Plaintiff commit any offense against the laws of the Commonwealth of Pennsylvania for which a strip search may be lawfully made. At no time did Plaintiff commit any illegal acts or engage in any conduct, which in any way justified the actions of all Defendants.

21. As a direct and proximate result of the Defendants' actions, Plaintiff suffered serious injury.

22. As a direct and proximate result of the Defendants' actions, Plaintiff suffered and continues to suffer serious mental anguish, psychological and emotional distress, and pain and suffering, some or all of which may be permanent.

23. As a direct and proximate result of the Defendants' actions, Plaintiff was detained and unlawfully strip searched without just or probable cause.

24. The actions of Defendants were undertaken in a menacing and arbitrary manner, designed to cause Plaintiff fear, distress and embarrassment.

25. The acts of Defendants Wilson, Prendergast, Fred and Greenlee were committed willfully, wantonly, maliciously, intentionally, outrageously, deliberately and/or by conduct so egregious as to shock the conscience.

26. The acts and omissions of the undivided Defendants were committed without cautious regard to due care, and with such wanton and reckless disregard of the consequences as to show Defendants' indifference to the danger of harm and injury.

27. The individual Defendants conspired to inflict harm on Plaintiff and deprive her constitutional rights.

28. Defendants Wilson, Prendergast, Fred and Greenlee made statements to officials in order to conceal their unlawful and unconstitutional conduct.

29. Defendants Wilson, Prendergast, Fred and Greenlee engaged in the aforesaid conduct for the purpose of violating Plaintiff's constitutional rights by subjecting her to unreasonable search and seizure, unlawful strip search, depriving Plaintiff of property and liberty without due process of law.

30. As a direct and proximate result of the Defendants' illegal and unconstitutional actions, Plaintiff suffered pain, fear, anxiety, embarrassment, loss of liberty, confinement, physical injuries, severe emotional trauma, and the loss of the enjoyment of life, all to her great detriment and loss.

## FIRST CAUSE OF ACTION
## FEDERAL CIVIL RIGHTS VIOLATIONS

31. The allegations set forth in paragraphs 1-30 inclusive, are incorporated herein as if fully set forth.

32. As a direct and proximate result of Defendants' above described unlawful and malicious conduct, committed under the color of state law, and while acting in that capacity, the Defendants deprived Plaintiff of the equal protection of the laws and Plaintiff's rights, privileges and immunities under the laws and the Constitution of the United States. Plaintiff's right to be free from unreasonable searches and seizures, strip searches, to be secure in one's person and property, to access to the Courts, and to due process and equal protection of the law, all to Plaintiff's great detriment and loss. As a result, Plaintiff suffered grievous harm, in violation of her rights under the laws and Constitution of the United States in particular the Fourth and Fourteenth Amendments thereof, and 42 U.S.C. § 1983.

33. As a direct and proximate result of the acts and omissions of Defendants, Plaintiff was forced to endure great pain and mental suffering, and was deprived of physical liberty, all to Plaintiff's great detriment and loss.

34. The School District of Philadelphia and/or Hamilton Disston School permitted, encouraged, tolerated, ratified and was deliberately indifferent to a pattern, practice and custom of:

    a. Unjustified, unreasonable and illegal use of any authority to conduct strip searches of students;

b. Abuse of powers, including harassment, improper searches and unlawful strip searches;

c. Psychologically or emotionally unfit persons serving as school officials; and

d. Failure of school officials to prevent, deter, report or take action against the unlawful conduct of school officials under such circumstances as presented herein.

35. Defendants, School District of Philadelphia and/or Hamilton Disston School were deliberately indifferent to the need to:

a. Test its employees for emotional and psychological fitness to serve as school officials;

b. Monitor teachers and security officers whom it knew or should have known were suffering from emotional and/or psychological problems that impair their ability to function as school officials;

c. Train its school officials in the appropriate exercise of search functions;

d. Facilitated, encouraged, tolerated, ratified, and/or was deliberately indifferent to school officials using their status as employees of the Hamilton Disston School to initiate actions by its employees which are intended to harm its students, and

e. Failure to properly train, supervise and discipline school officials and other Hamilton Disston School employees with regard to practices, which are, initiated which help and not harm its students.

36. The School District of Philadelphia and/or Hamilton Disston School was deliberately indifferent to the need for more or different training, supervision, investigation or discipline in the areas of:

    a. Use of search procedures of students by school officials force by police;

    b. Exercise of school powers;

    c. School officials with emotional or psychological problems; and

    d. School officials' use of their status as school officials to have students unlawfully strip search students or to achieve ends not reasonably related to their school duties.

37. The School District of Philadelphia and/or Hamilton Disston School failed to properly sanction or discipline school officials, who are aware of and conceal and/or aid and abet violations of constitutional rights of students by other school officials, thereby causing and encouraging school officials, including the Defendant school officials in this case, to violate the rights of students such as Plaintiff.

38. The foregoing acts, omissions, systemic deficiencies and deliberate indifference to the danger or harm to students like the Plaintiff and the need for more or different training, investigation and discipline are policies and customs of the School District of Philadelphia and/or Hamilton Disston School and have caused school officials, including Defendant school officials in this case, to believe that they can violate the rights of students, with impunity, including the use of fraud and falsehood and to believe that such conduct would be honestly and properly investigated, all with the foreseeable result that school officials are more likely to violate the constitutional rights of students.

39. The actions of all Defendants, acting under the color of state law and/or in concert or conspiracy with each other, deprived Plaintiff of her rights, privileges and immunities under the laws and Constitution of the United States, in particular, the rights to be secure in one's person and property, to be free from unlawful searches, unlawful strip searches and to due process of law.

40. Defendants, School District of Philadelphia and/or Hamilton Disston School and the individual named Defendants, acting in concert and conspiracy with each other, have by the aforementioned actions deprived Plaintiff of her constitutional and statutory rights.

41. By these actions, all Defendants have deprived Plaintiff of her rights secured by the Fourth and Fourteenth Amendments to the United States Constitution in violation of 42 U.S.C. § 1983.

## PUNITIVE DAMAGES

42. Plaintiff re-alleges paragraphs 1-41 of this complaint as though fully set forth herein.

43. The conduct of the individual Defendants was outrageous, malicious, wanton, willful, reckless and intentionally designed to inflict harm upon Plaintiff.

44. As a result of the acts of the individual defendants alleged in the preceding paragraphs, Plaintiff is entitled to punitive damages as to each cause of action.

## JURY DEMAND

45. Plaintiff demands a jury trial as to each Defendant and as to each count.

**WHEREFORE**, plaintiff requests the following relief:

    a. Compensatory damages;

b. Punitive damages;

c. A declaratory judgment that the practices and policies complained of are unconstitutional;

d. Reasonable attorney's fees and costs; and

e. Such other and further relief as appears reasonable and just.

DATED: 3/14/07

MICHAEL PILEGGI, ESQUIRE
437 Chestnut Street, Suite 905
Philadelphia, PA 19106
Counsel for Plaintiff

# CIVIL COVER SHEET 07 1017

JS 44 (Rev. 11/04)     APPENDIX H

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
CHRISTINA FERRELL, as PARENT and LEGAL GUARDIAN for BILLIE ORTIZ

**DEFENDANTS**
SCHOOL DISTRICT OF PHILADELPHIA

(b) County of Residence of First Listed Plaintiff: PHILADELPHIA
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: PHILADELPHIA
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)
MICHAEL PILEGGI
437 CHESTNUT ST. SUITE 905
PHILA. PA 19106     215-627-8516

Attorneys (If Known)

## II. BASIS OF JURISDICTION
[X] 3 Federal Question (U.S. Government Not a Party)

## III. CITIZENSHIP OF PRINCIPAL PARTIES
Citizen of This State: PTF [X]1 / DEF [X]1 - Incorporated or Principal Place of Business In This State

## IV. NATURE OF SUIT
[X] 440 Other Civil Rights

## V. ORIGIN
[X] 1 Original Proceeding

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing: 42 USC § 1983
Brief description of cause: UNLAWFUL STRIP SEARCH

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [X] Yes

## VIII. RELATED CASE(S) IF ANY

DATE: 3/14/07
SIGNATURE OF ATTORNEY OF RECORD: Michael Pileggi

DOCKET NUMBER: MAR 14 2007

FOR OFFICE USE ONLY
RECEIPT #____ AMOUNT____ APPLYING IFP____ JUDGE____ MAG. JUDGE____



# UNITED STATES DISTRICT COURT

07 1017

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 6818 VANDIKE STREET, PHILA.

Address of Defendant: 6801 COTTAGE STREET, PHILA, PA

Place of Accident, Incident or Transaction: 6801 COTTAGE STREET PHILA PA
*(Use Reverse Side For Additional Space)*

Does this case involve multidistrict litigation possibilities?   Yes☐  No☑
RELATED CASE, IF ANY:

Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
   Yes☐  No☑

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
   Yes☐  No☑

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases:*
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☑ Civil Rights
8. ☑ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases (Please specify)

B. *Diversity Jurisdiction Cases:*
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
   (Please specify)

## ARBITRATION CERTIFICATION
*(Check appropriate Category)*

I, _____, counsel of record do hereby certify:

☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

MAR 1 4 2007

DATE: _____   _____   _____
                         Attorney-at-Law            Attorney I.D.#

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 3/14/07   MICHAEL PILEGGI   61558
                 Attorney-at-Law    Attorney I.D.#

CIV 609 (9/99)

JD

APPENDIX I

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

CHRISTINA FERRELL, as (PARENT and LEGAL
GUARDIAN) for BILLIE ORTIZ                         :   CIVIL ACTION
                                v.                 :
SCHOOL DISTRICT OF PHILADELPHIA,                   :   07  1017
                                et al              :   NO.

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a case management track designation form specifying the track to which that defendant believes the case should be assigned.

SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:

(a) Habeas Corpus – Cases brought under 28 U.S.C. §2241 through §2255.                                ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
    and Human Services denying plaintiff Social Security Benefits                                    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.       ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
    exposure to asbestos.                                                                            ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
    commonly referred to as complex and that need special or intense management by
    the court. (See reverse side of this form for a detailed explanation of special
    management cases.)                                                                               ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.                   (✓)

3/14/07            MICHAEL PILEGGI            BILLIE ORTIZ
Date               Attorney-at-law            Attorney for

215-627-8516       215-627-5105               PIL423@AOL.COM
Telephone          FAX Number                 E-Mail Address

MAR 1 4 2007

(Civ. 660) 10/02